By the Court.
Section 4307, General Code, is as follows:
“The prosecuting attorney of the police or mayor’s court shall prosecute all cases brought before such court, and perform the same duties, as far as they are applicable thereto, as required of the prosecuting attorney of the county. The city, solicitor or the assistant or assistants whom he may designate to act as prosecuting attorney or attorneys of the police or mayor’s court shall receive for this service such compensation as council may prescribe, and such additional compensation as the county commissioners shall allow.”
A merely superficial examination of this statute discloses the fact that its terms are as general as can be made so far as a police or mayor’s court is concerned. It reaches out to and applies to every police or mayor’s court in the state. And this, too, whether it be by name “police court” or “mayor’s court” or some other court, so long as it exercises what are known as police .powers and jurisdiction in a municipality.
The first sentence of the section imposes a duty upon the prosecuting attorney of such court.
The second sentence designates, first, who that prosecuting attorney shall be, to-wit, the city solicitor or assistants. The latter part of the second sentence provides for the compensation of such prosecuting attorney, the evident purpose being that the city shall compensate him for the prosecution of city cases, upon allowance of council, and the county, as a subdivision of the state, shall com *44 pensate him for services rendered in state cases, upon the allowance of the county commissioners.
The amount allowed by the council and the amount allowed by the county commissioners is wholly in their judgment, but the statute makes it mandatory upon them to allow something.
The question now arises as to whether the municipal court of the city of Hamilton, Butler county, Ohio, is, within the terms of Section 4307, a “police or mayor’s court.”
That it is such is so obviously and manifestly true that it is no more capable of argument than an axiom.
Was said city solicitor of the city of Hamilton prosecuting attorney of such municipal court ? This is equally apparent from a reading of Section 33 of the municipal court act for the city of Hamilton, as found in 103 Ohio Laws, 345, 353. Said section reads as follows:
“The solicitor for the city of Hamilton shall also be prosecuting attorney of the municipal court. He may designate such number of assistant prosecutors as the council of the city of Hamilton may authorize. The persons thus appointed shall receive for their services in city cases such salaries as the council prescribe. The prosecuting attorney of the municipal court shall prosecute all cases of a criminal nature brought before such court and perform the same duties, so far as they are applicable thereto, as are required of the prosecuting attorney of the county.” (Section 1579-122, General Code.)
It is claimed, however, that there is no provision *45 here for compensation from the board of county commissioners, and failing to mention the same, though mentioning his allowance from the council in city cases, the presumption arises that this was intended as exclusive and that he should, therefore, receive no compensation from the county. However, his allowance of compensation from the county is fixed by the general section heretofore quoted, 4307, supra, and if the special act is to control as to compensation it should have expressly provided that such compensation should be in full for all services rendered, or used other apt words excepting it from the operation of the general statute.
Otherwise the state of Ohio, through county commissioners, would be compensating city solicitors in part of the cities of the state and not compensating them for the same service in other cities of the state.
This being a state statute, providing for compensation for services rendered to the state, it should be so construed as to have uniform operation as far as practicable throughout the state. Such construction should be given the special act as to the city of Hamilton as to conform to the general purpose of the general act and allow equal compensation for equal service throughout the state.
The allowance of the writ by the court of appeals should, therefore, be, and is, affirmed.

Judgment affirmed.

Johnson, Donahue, Wanamaker, Jones and Matthias, JJ., concur.